CANTRELL & COCHRANE, Limited, v. BUTLER.

(Circuit Court, S. D. New York. July 21, 1903.)

1. LABELS—SIMULATION—INJUNCTION.

Where defendants, for the purpose of marketing their goods, used a label in such similitude to plaintiff's well-known label that it was at once calculated and intended to defraud both plaintiff and purchasers of the particular class of goods, and the differences in the labels were not such as would be recognized by ordinary inspection, plaintiff was entitled to enjoin the further use thereof.

2. SAME—DIFFERENCES.

Conformity of one label to another sufficient to attract and deceive is not excused by ability to analyze the offending label, and point out

---

¶ 2. Unfair competition, see notes to Schener v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.

differences which if known and recognized would avoid confusion, where the ensemble is sufficient to mislead the ordinary purchaser.

Wetmore & Jenner, for complainant.
John Mulholland, for defendant.

THOMAS, District Judge. The simulation of complainant's label is obvious. It indicates intention to use complainant's reputation for the purpose of marketing defendant's goods. To attract attention, and to avert suspicion, or to confirm credence in his pretensions, defendant is using a label in such similitude to complainant's well-known label that it can be differentiated only by greater attention and comparison than is bestowed by the usual customer. The label itself used by the defendant speaks and declares at once that it is calculated and intended to defraud both the complainant and purchasers, and its continued use would not accord with the demands of ordinary honor in trade. Conformity of one label to another sufficiently to attract and deceive is not excused by ability to analyze the offending label and point out differences, which if known and recognized would avoid confusion. The ensemble does the mischief; the usual purchaser neither abstracts nor analyzes for the purposes of differentiation and judgment.

The motion for injunction is granted.