CANTRELL & COCHRANE, Limited, v. HYGEIA DISTILLED WATER CO., Inc.

(Circuit Court of Appeals, Second Circuit. January 18, 1922.)

No. 141.

Trade-marks and trade-names and unfair competition ⊂⇒60—Defendant's label held not to resemble plaintiff's sufficiently to deceive purchasers.

In a suit to restrain defendants from using a particular label on their receptacles containing ginger ale, an inspection of the labels *held* to show there was no such resemblance between them that defendant's label would

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

be likely to deceive the ordinary customer exercising ordinary care into believing that he was getting plaintiff's and not defendant's product, so that plaintiff is not entitled to the injunction.

Appeal from the District Court of the United States for the Southern District of New York.

Suit by Cantrell & Cochrane, Limited, against the Hygeia Distilled Water Company, Inc., for an injunction restraining defendant from using a certain label on receptacles containing defendant's ginger ale. From a decree awarding the injunction prayed for, defendant appeals. Reversed, with instructions to dismiss the bill.

Certiorari denied 258 U. S. ——, 42 Sup. Ct. 463, 66 L. Ed. ——.

The following memorandum decision was filed in the court below:

The filing of stipulation as to facts leaves nothing for the court but a consideration of plaintiff's admittedly valid trade-mark and defendant's alleged infringement. In a technical trade-mark case the intent of the infringer is immaterial. Hutchinson, Pierce & Co. v. Loewy, 163 Fed. 42, 90 C. C. A. 1. Yet, even in the absence of intent, the test remains the same; i. e., the likelihood of deceiving purchasers. Capewell Horse Nail Co. v. Green, 188 Fed. 20, 110 C. C. A. 170. And in considering what is and what is not an infringement "the test is to be found in the ensemble," as has lately been well said in Thum Co. v. Dickinson, 245 Fed. 609, 613, 158 C. C. A. 37, 41, a case in which certiorari was denied in the Supreme Court.

It is also true that mere color cannot be appropriated as a trade-mark; yet it is also true that imitation of a pattern of colors is evidence of infringement. When I consider the labels of plaintiff and defendant I am necessarily driven to the conclusion that the Hygeia Company's device is so nearly that of plaintiff as to deceive the purchasing public, though probably not the more observant person engaged in retail trade. There is a similarity in shape, in color scheme, in the use of phrases like "Free from Alcohol," and "Aromatic," which is not only per se deceptive, but strong evidence of intentional imitation. This belief is confirmed on observing how each label is or contains a lozenge of which the horizontally opposite angles contain yellow ornamentation, while the upper angle displays an arbitrary set of marks or pictures in red and back.

None of these details is conclusive, but the ensemble satisfies me that the plaintiff's rights are being infringed, and a decree may pass accordingly. The physical exhibits have been deposited in the exhibit room of the Circuit Court of Appeals, whence they may be obtained on proper application, followed by order.

Holm, Whitlock & Scarff, of New York City (Herbert D. Chabot and Victor E. Whitlock, both of New York City, of counsel), for appellant.

Jeffery, Kimball & Eggleston, of New York City (Oscar W. Jeffery, of New York City, of counsel), for appellee.

Before ROGERS, MANTON, and MAYER, Circuit Judges.

MAYER, Circuit Judge. There is really no question of law in this case, and no occasion to reiterate at length familiar principles. Smith-Kline & French Co. v. American Druggists' Syndicate (C. C. A.) 273 Fed. 84. What is involved is a question of fact; i. e., whether two labels so resemble each other that the alleged infringing label would be likely to deceive the ordinary customer, exercising ordinary care, into believing that he was getting plaintiff's and not defendant's ginger

ale. Usually first impressions, in cases of this character, are the safest guides.

If the decider of the facts, whether in the instance court or here, begins to analyze carefully the respective features, such as size, shape, color, legend, and arrangement of a label of this character, he is liable to lose the value of his first impression, which (without attempting a scientific statement) is sensatory rather than the result of reasoning or conscious comparison. When, therefore, an experienced court sees in these two labels, as did the District Court, a resemblance of a character to warrant injunctive relief, that conclusion indicates such a difference of impression as naturally to call for pause before decision.

Yet, from the outset, when these labels were first exhibited on the argument, we have not been able to see any resemblance between the two labels which could cause confusion or invite deception. To our eyes, these labels are different from each other in every essential, which ordinarily makes for deception, as well as in tout ensemble.

Plaintiff is an old-established house. Its ginger ale is a staple. Its label, now over 40 years old, has acquired a character of its own, marked and distinctive. Defendant in July, 1920, adopted the label here complained of. We incorporate the labels in the filed copy of our opinion for future reference.

The colors are different. There is no suggestion of "Dublin & Belfast" in Hygeia's label. "Hygeia Ginger Ale" appears in large white letters straight across the label and below that is the word "Hygeia" in large letters. On the other hand, in plaintiff's label "Cantrell & Cochrane's" is printed in black at the top of the label on a white base, and lower down the same words in signature style are in black and white. The medallions of which so much is made are dissimilar. In short, in every detail, as well as in whole aspect, we find no resemblance between these two labels.

Appellee has referred us to three cases in which it was successful. In 1883 it prevailed in the New York Supreme Court against a label of Bolen & Byrne. There was sound ground for that decision, as an inspection of the B. & B. label will show. In 1903, the United States Circuit Court for the Southern District of New York held the Butler label an infringement. 124 Fed. 290. That label contained some plainly imitative features and used the word "Belfast." Whether we should have held that label infringed if the question were before us, we need not decide.

It is enough to point out that the Butler label was wholly different from that at bar. In respect of the Supreme Court of the District of Columbia, we need only say that the decision holding infringement as to the label there concerned (which is completely different from that here considered) is not convincing.

Decree reversed, with costs with instructions to the District Court to dismiss the bill, with costs.

PLAINTIFF'S LABEL

DEFENDANT'S LABEL